UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 02-80339 CIV-HURLEY

MAGISTRATE JUDGE
LYNCH

THE MEGUNTICOOK SIDE FUND II, L.P.,

    Plaintiff,

v.

JOHN C. TEXTOR,

    Defendant.

CASE NO.
Judge

## COMPLAINT

Plaintiff, THE MEGUNTICOOK SIDE FUND II, L.P. (hereinafter the "Partnership"), through

its attorney, sues Defendant, John C. Textor (hereinafter "Textor") and alleges as follows:

## JURISDICTION AND VENUE

1.    At all times relevant to this Complaint, Plaintiff was and now is a Limited Partnership

organized under the laws of the state of Delaware, with its principal place of business in Boston,

Massachusetts.

2.    Upon information and belief, at all times relevant to this Complaint, Defendant, Textor,

was and now is a resident of Palm Beach County, Florida.

3.    This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 since

the parties are citizens of different states and the amount in controversy exceeds $75,000.00

exclusive of interests and costs.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(1) because it is Defendant's place of residence.

## GENERAL ALLEGATIONS

5.     On or about March 24, 2000, Textor executed the Subscription Agreement to the Megunticook Side Fund II, L.P. (the "Agreement"). See Attached hereto a copy of the Agreement's Signature Page as Exhibit "A".

6.     By executing said Agreement, Textor promised to contribute $425,000.00 to the Partnership as a limited partner. See Attached hereto a copy of the Agreement's Acceptance Page as Exhibit "B".

7.     The Agreement expressly provided for additional capital calls after the initial contribution of 10%. See Attached hereto a copy of the Agreement's Section II on Payment by the Investor as Exhibit "C".

8.     Textor has breached his Agreement with the Partnership by failing and refusing to make contributions to the Partnership's capital.

9.     As a direct and proximate result of Textor's breach, the Partnership has suffered and continues to suffer damages.

10.    The Partnership has performed all conditions precedent to this action, or such conditions have been waived.

11.    Plaintiff has retained the undersigned law firm to represent it in this action and has obligated itself to pay the firm a reasonable fee for its services.

Fowler White Burnett P.A. • 100 Southeast Second Street, Seventeenth Floor, Miami, Florida 33131 • (305) 789-9200

## COUNT I
### (Breach of Contract)

12.   The Partnership incorporates by reference and realleges paragraphs 1 through 11 as though fully set forth herein.

13.   On or about March 24, 2000, Textor executed a Limited Partnership Agreement and agreed to contribute $425,000.00 to the Partnership's capital.

14.   The Subscription Agreement states that the terms of the contributions by the partners are to be determined by the Partnership Agreement.

15.   The Partnership Agreement provides in section 4.02 on Capital Contributions by Limited Partners:

> After the date of the Initial Capital Contribution, the Limited Partners will pay the remaining balance of their Commitments ("Additional Capital Contributions") in such amounts and at such times as will be determined by the General Partner in its sole discretion. The General Partner will give the Limited Partners notice before each such payment is due. Each such notice will be given not less than ten (10) days before the payment will be due and the amount of the Limited Partners' Additional Capital Contributions then due.

16.   As expressly provided for in the Agreement, the Partnership, through its General Partner, issued a capital call to Textor on or about July 31, 2001, to request the transfer of $85,000.00 to the Partnership on or before August 16, 2001. See Attached hereto a copy of the July 31 letter as Exhibit "D".

17.   Textor failed to fulfill his obligations under the Agreement, and the Partnership issued a default notice on or about August 27, 2001.

18.   On or about November 14, 2001, the Partnership issued a capital call for $42,500.00. Textor did not comply. On or about March 14, 2002, the Partnership issued another capital call for

$42,500.00. The Partnership also demanded that Textor pay the total outstanding balance of $170,000.00 on or before April 2, 2002. See Attached hereto a copy of the March 14 letter as Exhibit "E". Again, Textor failed to fulfill his obligations under the Agreement.

19.    Textor's failure to contribute to the full extent of his commitment constitutes a breach of the Agreement between the two parties.

20.    Pursuant to the Agreement, Textor owes the Partnership in excess of $170,000.00.

21.    Plaintiff therefore demands compensatory damages, interest, court costs, and attorney's fees.

## COUNT II
### (Anticipatory Breach)

22.    The Partnership incorporates by reference and realleges paragraphs 1 through 11 as though fully set forth herein.

23.    The Partnership has made multiple demands for payment on Textor, but Textor has refused to pay the last three capital calls. These systematic refusals to pay indicate a definite, unequivocal, and absolute intention to refuse to pay in the future.

24.    Moreover, as further evidence of Textor's intention not to fulfil his obligations, he requested early in 2001 to be released from the remainder of his commitment, and has refused to make payments ever since.

25.    Textor's systematic refusals to pay constitute an anticipatory breach of any future obligations owed to the Partnership.

26.    Plaintiff therefore demands compensatory damages, interest, court costs, and attorney's fees.

FOWLER WHITE BURNETT P.A. • 100 SOUTHEAST SECOND STREET, SEVENTEENTH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

## COUNT III
### (Account Stated)

27.   The Partnership incorporates by reference and realleges paragraphs 1 through 11 as though fully set forth herein.

28.   Prior to the institution of this action, Textor and the Partnership had business transactions between them.

29.   The Partnership sent invoices of balances owed by Textor on his Capital Contribution, and Textor did not object to the invoices.   See Attached hereto a copy of one of the invoices as Exhibit "F".

30.   Textor owes the Partnership $170,000.00 that is due with interest since the date of each outstanding invoice.

31.   Plaintiff therefore demands compensatory damages, interest, court costs, and attorney's fees.

Respectfully submitted,

Sara Soto
Fla. Bar No. 265152
Brian D. Elias
Fla. Bar No. 708798
FOWLER WHITE BURNETT P.A.
Bank of America Tower, 17th Floor
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

[nmf] W:\58329\COMPLA43.NMF

**EXHIBIT "A"**

# SIGNATURE PAGE
## TO
## SUBSCRIPTION AGREEMENT
## TO
## THE MEGUNTICOOK SIDE FUND II, L.P.

IN WITNESS WHEREOF, the Investor has executed this Subscription Agreement as of the date set forth below, and with respect to the information disclosed in Section III(C) of this Subscription Agreement, has executed this Subscription Agreement under penalties of perjury.

Date: _March 24_____, 2000

*For Individual Investors:*                                    *For Investors other than Individuals:*

_____                    _____
Signature                                                                    (Please Type Name of Investor)

John C. Textor                                                        By:_____
(Please Type Name)                                                    (Signature)


_____                    _____
Signature of Co-Investor (if any)                            (Please Type Name of Signatory)


_____                    Title: _____
Print Co-Investor's Name

===================================================================

## For Partnership Use Only

### Do not write below this point

**Pursuant to the First Amended and Restated Agreement of Limited Partnership of The Megunticook Side Fund II, L.P., the subscription is hereby accepted in the amount set forth below and the Investor is hereby admitted as a Limited Partner as of _____ 2000**

By:   Megunticook Side Fund Partners II, LLC          Accepted Subscription Amount: $_____
       General Partner

By:   _____
Name: _____
Title: Managing Director

**EXHIBIT "B"**

**SIGNATURE PAGE**
**TO**
**SUBSCRIPTION AGREEMENT**
**TO**
**THE MEGUNTICOOK SIDE FUND II, L.P.**

IN WITNESS WHEREOF, the Investor has executed this Subscription Agreement as of the date set forth below, and with respect to the information disclosed in Section III(C) of this Subscription Agreement, has executed this Subscription Agreement under penalties of perjury.

Date: _____, 2000

*For Individual Investors:*                          *For Investors other than Individuals:*

_____                   _____
Signature                                            (Please Type Name of Investor)


_____                   By:_____
(Please Type Name)                                  (Signature)


_____                   _____
Signature of Co-Investor (if any)                    (Please Type Name of Signatory)


_____                   Title: _____
Print Co-Investor's Name

======================================================

**For Partnership Use Only**

**Do not write below this point**

**Pursuant to the First Amended and Restated Agreement of Limited Partnership of The Megunticook Side Fund II, L.P., the subscription is hereby accepted in the amount set forth below and the Investor is hereby admitted as a Limited Partner as of** *March 24* **2000**

By:   Megunticook Side Fund Partners II, LLC      Accepted Subscription Amount: $*425,000*
      General Partner

By:   _____
Name: _____
Title: Managing Director

**EXHIBIT "C"**

as a Limited Partner of the Partnership (the "Closing") shall take place on March 24, 2000 at the offices of Edwards & Angell, LLP, 2800 BankBoston Plaza, Providence, RI 02903, or at such other place and on such date (the "Closing Date") as shall be selected by the General Partner and as to which the General Partner shall have given the Investor at least three days' notice.

## II.     PAYMENT BY THE INVESTOR.

The Investor agrees to make cash contributions to the capital of the Partnership in the amount accepted by the General Partner (the "Subscription Amount").

The Investor will make capital contributions to the Partnership as follows:

(A)     **Initial Capital Contribution.**

(i)     If the Investor was admitted as a Limited Partner prior to the time of the initial capital contributions by the Limited Partners of the Partnership, the Investor will make an initial capital contribution to the Partnership consisting of 10%, (which percentage shall be identical for all investors then or theretofore admitted as Limited Partners) of the amount set forth in the caption of this Subscription Agreement.

(ii)     If the Investor is admitted as a Limited Partner subsequently to the making of the initial capital contributions by the Limited Partners of the Partnership, the Investor will, simultaneously with its admission as a Limited Partner, make an initial capital contribution to the Partnership consisting of such percentage of the amount set forth in the caption of this Subscription Agreement as is required by the Partnership Agreement.

(B)     **Subsequent Capital Contributions.**   The Investor will make additional capital contributions to the Partnership of the balance of the amount set forth in the caption of this Subscription Agreement in accordance with the terms of the Partnership Agreement.

PRV_353186.1/ESMALL

**EXHIBIT "D"**

July 31, 2001

Mr. John Textor
Wyncrest Partners
300 Clematis Street
3rd Floor
West Palm Beach, FL 33401

Re: John Textor

Dear Mr. Textor:

The Megunticook Side Fund II, L.P. (Side Fund II) has current investment commitments that necessitate a takedown of 20% of your commitment to the Fund. With this installment, you will have funded 40% of your total commitment.

As you may recall, in our May 24, 2001 letter, we disclosed that the Megunticook Fund II, L.P. (Fund II) had not received approval from the SBA for its license to operate as an SBIC. The Side Fund II invests in parallel with Fund II. All deals were allocated to the funds based upon the committed capital ratio assuming that Fund II received SBA leverage. Because this capital ratio will now change if leverage is not approved, we will be reallocating the investments between Fund II and the Side Fund II accordingly. This will require approximately $2 million of investments to be transferred to Side Fund II.

This 20% takedown will be used to complete the transfer required above, to fulfill follow-on commitments to several of the Fund's current portfolio companies and to provide for the Fund's operating expenses.

Please forward your installment of **$85,000.00** to us **on or before Thursday, August 16, 2001**. For your convenience, the **instructions for remitting your funds are attached**.

Thank you again for your confidence in our team. We continue to believe this is a time of unique opportunity and unique risks and we as a group are committed to deploying your capital using our seed staged approach to mitigate risk and maximize your return.

Please feel free to contact Cathy Vaughan, Director of Operations; at 617-986-3004 and cvaughan@megunticook.com or me at 617-986-3003 or landerson@megunticook.com should you require additional information or assistance. I hope this finds you well.

Very Best Regards,


Lynne Anderson
CFO and General Partner

Enclosure

**EXHIBIT "E"**



**Megunticook**

137 Newbury Street Floor 2
Boston, Massachusetts 02116
Telephone   617-986-3000
Facsimile   617-986-3100
www.megunticook.com

March 14, 2002

Mr. John Textor
Wyncrest Partners
3801 PGA Blvd.
Suite 750
Palm Beach Gardens, FL 33410

Re: John Textor

Dear Mr. Textor:

The Megunticook Side Fund II, L.P. has current investment and operating commitments that necessitate a takedown of 10 percent of your commitment to the Fund. With this installment, you will have funded 60 percent of your total commitment.

We anticipate that this capital will be used primarily to fund legally committed follow-on investments in the following portfolio companies: Lightship Telecom, Inc., MunicipalNet Inc., Data TV Networks, Inc. and Datatrac Corporation.

Please forward your total outstanding commitment balance of **$170,000** to us **on or before Tuesday, April 2, 2002**. This includes the current capital call of $42,500 and your outstanding balance of $127,500. For your convenience, the instructions for remitting your funds are attached.

Thank you again for your confidence in our team. Please feel free to contact Cathy Vaughan, Director of Operations; at 617-986-3004 and cvaughan@megunticook.com or me at 617-986-3003 and landerson@megunticook.com should you require additional information or assistance.

I hope this find you well,

Very Best Regards,


Lynne Anderson
CFO and Managing Director

Enclosure

**EXHIBIT "F"**

**From:**      Cathy Vaughan <CVaughan@megunticook.com>
**To:**        "'John Textor (E-mail)'" <jtextor@wyndcrest.com>,
"'ajroscigno@landmarkpartners.com'" <ajroscigno@landmarkpartners.com>
**Date:**      2/5/02 7:20PM
**Subject:**   Megunticook Side Fund II, LP

Dear Mr. Textor and Mr. Roscigno,

I am writing to both of you in hopes of expediting a decision from both of you regarding a possible sale and purchase of interest in Megunticook Side Fund II, LP.

As you can imagine, we are anxious to have this transaction completed.

The breakdown of the capital account is as follows:

| | |
|---|---|
| Total committed capital: | $425,000.00 |
| 10% contribution 03/24/00: | $42,500.00 |
| 10% Contribution 10/10/00: | $42,500.00 |
| 20% called on 08/16/01: | $85,000.00 - unfunded |
| 10% called on 11/29/01: | $42,500.00 - unfunded |
| Remaining to be called: | $212,500.00 - unfunded |
| | |
| Total paid in: | $85,000.00 |
| Total unfunded: | $340,000.00 |

We hope you can come to an agreement that works for both parties. Please let us know the outcome of your discussions no later than Friday.

Sincerely,

Catherine M. Vaughan



Catherine M. Vaughan
Megunticook Management, Inc.
137 Newbury St.
2nd Floor
Boston, MA 02116
Phone: (617)986-3004
Fax: (617)986-3104
Main: (617)986-3000

> The information contained in this communication is confidential, may
> be privileged and is intended for the
> exclusive use of the above named addressee(s).If you are not the
> intended recipient(s),you are expressly prohibited from copying,
> distributing, disseminating, or in
> any other way using any of the information contained within this
> communication. If you have received this communication in error,

> please contact the sender by telephone 617-986-3000 or by response via
> e-mail.

**CC:**             Lynne Anderson <LAnderson@megunticook.com>

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The Megunticook Side Fund II, L.P.

## DEFENDANTS
John C. Textor

*MAGISTRATE JUDGE LYNCH*

**02-80339** CIV-HURLEY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  SUFFOLK, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

9:02CV80339 *Hurley Lynch*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Sara Soto, Esq.,  Fowler, White Burnett
100 S.E. 2nd St., Miami, FL 33131
(305) 789-9200

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

THIS IS A DIVERSITY CASE UNDER 28 USC 1332 FOR BREACH OF CONTRACT, ANTICIPATORY BREACH, AND ACCOUNT STATED.

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  1/16/02

SIGNATURE OF ATTORNEY OF RECORD  [signature]

## FOR OFFICE USE ONLY
RECEIPT # 861184   AMOUNT 150.00   APPLYING IFP 1/16/02   JUDGE _____   MAG. JUDGE _____